FILED
2025 Mar-31  AM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **BENJAMIN CHANCEY MADISON,** | } | |
| | } | |
| | } | |
| **Petitioner,** | } | |
| | } | **Case No.:  2:19-cv-08042-MHH** |
| **v.** | } | **2:18-cr-206-MHH** |
| | } | |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## <u>MEMORANDUM OPINION</u>

On August 30, 2018, in the criminal case against him, Benjamin Chancey

Madison pleaded guilty to armed bank robbery and attempted armed bank robbery

in violation of 18 U.S.C. § 2113(a); brandishing a firearm during a crime of

violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1).  (Crim Docs. 1, 11).[1]  The "crime

---

[1]  Judge L. Scott Coogler presided over Mr. Madison's criminal case and initially presided over
this habeas case.  After Judge Coogler retired, the Clerk of Court randomly reassigned this case
and Mr. Madison's criminal case to the undersigned judicial officer.

"Doc." record cites refer to docket entries in this habeas case; "Crim. Doc." refers to docket entries
in Mr. Madison's underlying criminal case, No. 2:18-cr-00206-MHH.

The United States dismissed a charge for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)
pursuant to Mr. Madison's plea agreement.  (Doc. 1, p. 2; Doc. 11, p. 1; Doc. 16, p. 1).

of violence" predicate offense for Mr. Madison's § 924(c) conviction was the attempted armed bank robbery. (Doc. 1, pp. 2–3).[2] On January 8, 2019, Judge Coogler sentenced Mr. Madison to a term of imprisonment of 168 months. (Crim. Doc. 16).

Pursuant to 28 U.S.C. § 2255, Mr. Madison seeks relief from the § 924(c) conviction for brandishing a firearm during a crime of violence and asks the Court to resentence him without that conviction. (Doc. 1; Doc. 1-1). Mr. Madison argues that the § 924(c) conviction is invalid because of the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019). In *Davis*, the Supreme Court held that the definition of a "crime of violence" in the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. (Doc. 1-1, pp. 2–3, 22–23). The Eleventh Circuit has held that *Davis* announced a new rule of constitutional law that applies

---

[2] Mr. Madison's PSR describes the conduct to which he pleaded guilty. The PSR states that Mr. Madison entered a bank on April 18, 2018, at approximately 9:30 a.m. As he did:

> Madison was overheard saying, "I come to get my money." Armed with a loaded Taurus 9mm pistol, Madison then pulled a hood over his head, brandished his firearm, and demanded money from teller D.C. He said, "Give me all the money. I'm not playing. Give me all the money. Open the drawers." Lending Officer A.C. recognized Madison from two days prior and notified security. Moments later, the security officer confronted Madison with his gun drawn. The officer commanded Madison to get on the ground. Madison exclaimed, "Oh, shit!" and then complied with the order. Madison remained on the floor until BPD arrived and took him into custody. Also present in the bank during the incident was the branch manager, T.S. No customers were present.

(Doc. 14, pp. 7–8).

retroactively to cases on collateral review. *In re Hammond*, 931 F.3d 1032, 1038–40 (11th Cir. 2019). Mr. Madison also argues that his attempted bank robbery conviction under § 2113(a) is not a "crime of violence" under the elements clause in 18 U.S.C. § 924(c)(3)(A) and may not serve as a predicate offense for his § 924(c) conviction. (Doc. 1-1, pp. 4–18).[3]

On March 1, 2023, Judge Coogler stayed this case pending the Eleventh Circuit's decision in *United States v. Armstrong*, No. 21-11252. (Doc. 8). In December 2024, the Eleventh Circuit decided *United States v. Armstrong*, 122 F.4th 1278 (11th Cir. 2024). (Doc. 11). In *Armstrong*, the Eleventh Circuit held that "[a]ttempted bank robbery under § 2113(a) is a crime of violence [under 924(c)(3)(A)] because it requires as an element that the defendant acted 'by force and violence, or by intimidation' in committing the inchoate crime." 122 F.4th at 1291 (quoting 18 U.S.C. § 2113(a)). Based on the Eleventh Circuit's ruling in

---

[3] Before the Supreme Court's decision in *Davis*, under 18 U.S.C. § 924(c)(3)(A) and (B), a "crime of violence" was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A) and (B). The former clause is referred to as the "use-of-force" or "elements" clause and the latter clause as the "residual clause." *Davis*, 588 U.S. at 449. After *Davis*, only a crime of violence that meets the elements clause under § 924(c)(3)(A) may serve as a predicate offense for a § 924(c) conviction.

*Armstrong*, the United States asked the Court to deny Mr. Madison's § 2255 motion.  (Doc. 11).

The Court directed Mr. Madison to explain why the Court should not deny his § 2255 motion based on the *Armstrong* decision.  (Doc. 13).  In response, Mr. Madison filed a motion for appointment of an attorney "to help [him] proceed and move forward in preparing an adequate and sufficient 28 U.S.C. § 2255 petition" because he is "illiterate to the law."  (Doc. 15, pp. 1–2).

Given the *Armstrong* decision, Mr. Madison's request for appointment of counsel is futile.  In *Armstrong*, Mr. Armstrong challenged his convictions for "brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii)."  *Armstrong*, 122 F.4th at 1281.  The Eleventh Circuit held that attempted bank robbery under 18 U.S.C. § 2113(a) categorically is a crime of violence under 924(c)(3)(A) because that crime "requires as an element that the defendant acted 'by force and violence, or by intimidation' in committing the inchoate crime."  *Armstrong*, 122 F.4th at 1289, 1291 (quoting 18 U.S.C. § 2113(a)).  The Eleventh Circuit affirmed Mr. Armstrong's § 924(c) convictions.  *Armstrong*, 122 F.4th at 1281.[4]

---

[4]  In an unpublished opinion, the Eleventh Circuit recently explained the *Armstrong* decision.  The Court of Appeals stated:

Because this Court is bound by Eleventh Circuit's decision in *Armstrong*, Mr. Madison's argument that his attempted bank robbery conviction under 18 U.S.C. § 2113(a) is not a crime of violence under the elements clause of § 924(c)(3)(A) fails.[5]  By separate order, the Court will deny Mr. Madison's § 2255 motion.  Mr. Madison's motion for appointment of counsel is moot.  (Doc. 15).

---

[A]ttempted bank robbery under § 2113(a) is a crime of violence because "it requires as an element that the defendant acted 'by force and violence, or by intimidation' in committing the inchoate crime." *United States v. Armstrong*, 122 F.4th 1278, 1291 (11th Cir. 2024) (quoting 18 U.S.C. § 2113(a)).  We pointed out that the Hobbs Act is "structured differently" than § 2113(a) because it "does not require any actual or threatened force to sustain a conviction." *Id.* at 1289.  While "a criminal can commit an attempted Hobbs Act robbery without actually using force or violence," that is not the case for an attempted bank robbery under § 2113(a).  *See id.* at 1290 (citing *United States v. Taylor*, 596 U.S. 845, 851–52 (2022)).  That is because § 2113(a) criminalizes "*only* attempts that occur 'by force and violence, or by intimidation.'" *Id.*

*Morelock v. United States*, No. 22-13439, 2025 WL 66434, at *2 (11th Cir. Jan. 10, 2025) (italics in *Armstrong*).

[5]  Mr. Madison mistakenly relies on *United States v. Days*, No. 22-13305, 2023 WL 6231058, at *4 (11th Cir. Sept. 26, 2023).  (Doc. 15, pp. 2–3).  In *Days*, the Eleventh Circuit held that Florida's attempted armed robbery statute in Fla. Stat. § 812.13 does not require the use, attempted use, or threatened use of force and could not satisfy the elements clause.  *Days*, 2023 WL 6231058, at *4.  In *Days*, the Eleventh Circuit did not consider the federal bank robbery statute in 18 U.S.C. § 2113.

The *Armstrong* decision also forecloses Mr. Madison's argument that his attempted bank robbery conviction cannot constitute a crime of violence because the robbery could be committed by intimidation or by extortion.  (Doc. 1-1, pp. 12–13, 17–18).  In *Armstrong*, the Eleventh Circuit found that § 2113 "is divisible as to bank robbery and bank extortion" and does not contain alternative means to commit a single, indivisible offense.  *Armstrong*, 122 F.4th at 1286–87.  Consequently, the Eleventh Circuit found Mr. Armstrong's argument that extortion was a non-violent means of committing bank robbery unavailing.  *Armstrong*, 122 F.4th at 1286–87.  Regarding bank robbery by intimidation, the Eleventh Circuit explained:

In *Sams*, this Court expressly held that "a bank robbery conviction under § 2113(a) by force and violence *or by intimidation* qualifies as a crime of violence under the

A district court may issue a certificate of appealability "only if the applicant

has a made a substantial showing of the denial of a constitutional right."  28 U.S.C.

2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the

issues presented were adequate to deserve encouragement to proceed further,"

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The

Court declines to issue a certificate of appealability here because Mr. Madison's case

does not satisfy either standard.  Mr. Madison may request a certificate of

appealability from the Eleventh Circuit Court of Appeals.  FED. R. APP. P. 22(b);

11th Cir. R. 22-1.

---

§ 924(c)(3)(A) use-of-force clause." [*In re*] *Sams*, 830 F.3d [1234,] 1239 [11th Cir. 2016] (emphasis added); *see also United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Under section 2113(a), 'intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts.'" (quoting *United States v. Cornillie,* 92 F.3d 1108, 1110 (11th Cir. 1996) (per curiam))).  Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  And there is nothing in *Taylor* suggesting the abrogation of our conclusion and reasoning in *Sams*.  On the contrary, *Taylor* tells us that a crime of violence requires, as an element, "the use, attempted use, or threatened use of force." *Taylor*, 596 U.S. at 853, 142 S. Ct. 2015.  Our Circuit's definition of intimidation—conduct from which a reasonable person "could infer a threat of bodily harm"—fits neatly into that box. [] Our binding precedent in *Sams* thus controls.

*Armstrong*, 122 F.4th at 1288 (italics in *Sams*).

The Clerk of Court shall please mail a copy of this memorandum opinion and the final order to Benjamin Madison, Reg. No. 25758-001, Atlanta FCI, 601 McDonough Blvd SE, Atlanta, GA 30315.[6]

**DONE** and **ORDERED** this March 31, 2025.

_Madeline H. Haikala_

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[6] The Federal Bureau of Prisons' website indicates that Mr. Madison currently is housed at this address. *See* https://www.bop.gov/inmateloc/ (last visited Mar. 29, 2025).